UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAYMOND BEHRENS,

    Plaintiff,

v.

FOREST RIVER, INC. *et al.*,

    Defendants.

CAUSE NO. 3:24cv243 DRL-MGG

OPINION AND ORDER

On December 16, 2022, Raymond Behrens purchased a 2023 Coachmen Leprechaun manufactured by General Motors, LLC and Forest River, Inc. The unit was reportedly covered by various warranties, including a one-year limited warranty from Forest River (aside from those warranties extended by General Motors). Mr. Behrens sued the manufacturers for breach of these warranties and corresponding violations of the Magnuson-Moss Warranty Act (MMWA). Forest River moves to dismiss his claims under Rule 12(b)(6). Without response from Mr. Behrens, the court may rule summarily. *See* N.D. Ind. L.R. 7-1(d)(5). The court grants the motion.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to

survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011).

A statute of limitations defense is an affirmative defense; a complaint need not anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Though a limitations defense isn't normally a part of a motion to dismiss, "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (courts may dismiss a claim under Rule 12(b)(6) if the claim is "indisputably time-barred").

## DISCUSSION

The recreational vehicle was covered by Forest River's one-year limited warranty for those components the company manufactured and assembled. Forest River claims the warranty's limitations provision is reasonable and bars Mr. Behrens' claims. Many buyers encounter time limitations in new product warranties for bringing a claim. By law, parties may limit the duration in which a cause of action must be commenced to a period of no less than one year. *See* Ind. Code § 26-1-2-725(1).

This warranty said any action for breach of the warranty must be filed "within ninety (90) days of the expiration of the warranty period." Mr. Behrens purchased the unit on December 16, 2022. The one-year warranty expired December 16, 2023. He then had 90 days to file a claim before the stipulated limitations period expired on March 15, 2024. Mr. Behrens filed his complaint on March 18, 2024—after the period expired.

The motion seems to presume that the 90-day limitation period must be added to the one-year coverage term, and the lack of response gives the court no cause, at least today and based on this pleading, to view the intent of the parties, as expressed by the warranty, differently. This pleading alleges that the defects were identified in the first 90 days of the warranty period—indeed, based on the pleading's attachments, which may be considered in deciding this motion, the defects were identified no later than

2

January 2022, the unit was promised from service by February 24, 2023, and it was ready no later than March 9, 2023. Under this scenario, the warranty as written gave Mr. Behrens no less than a year to sue, and thereby remained compliant with Indiana law. The court expresses no view on whether defects identified later in the coverage period might invalidate the 90-day limitations period.

The MMWA claim rises and falls with the state warranty claim. *See Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for state claims"); *see also Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011) (MMWA operates only "as a gloss on . . . state law breach of warranty claims."). Because Mr. Behrens' state warranty claims against Forest River are time-barred, the MMWA claim against Forest River must also be dismissed.

## CONCLUSION

Accordingly, the court GRANTS Forest River's motion to dismiss and DISMISSES the company [10]. There being no actionable claims against Forest River remaining, this order terminates the company as a party.

SO ORDERED.

August 1, 2024            *s/ Damon R. Leichty*
                          Judge, United States District Court